1  Joyce Plant, Self-Represented
   8685 Fabes Drive
2  Antelope, CA 95843
   Tel. 916-271-3697
3  elainflow@yahoo.com

**FILED**

FEB 03 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE PLANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY BOARD OF SUPERVISORS, BETTY BLOOM, KAREN DEANGELIS, SHEILA HARRY, JOANIE FRIENDBLOOM, DAWN ISAIS, ANNIE HOANG, SHIRIN FALLAHI-MARZOONI, MICHELLE BETTEGA, COREY STILLSON, NANCY GUNMOR, ET AL.<br><br>Defendants | Case No.:<br><br>**2:23 CV 0211 - TLN CKD PS**<br><br>COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE<br><br>JURY TRIAL DEMAND |

Plaintiff Joyce Plant ("Plaintiff" or "Ms. Plant") as and for her Complaint in this action against Defendants County of Sacramento, Sacramento Board of Supervisors, Betty Bloom, Karen Deangelis, Sheila Harry, Joanie Friendbloom, Dawn Isais, Annie Hoang, Shirin Fallahi-Marzooni, Michelle Bettega, Corey Stillson, Nancy Gunmor (collectively, "Defendants") hereby alleges as follows:

NATURE OF THE CLAIMS

1. Plaintiff alleges that Defendants have unlawfully discriminated against, and retaliated against Plaintiff in violation of Title I of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

2. This is also an action for declaratory, injunctive and equitable relief, as well as for monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to her race and color, and its unlawful retaliation against her in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 1

3. Plaintiff additionally alleges that Defendants have unlawfully discriminated against, and retaliated against Plaintiff in violation of Title I of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367(a), because Plaintiff's claims are formed from the same case and/or controversy and are related to Plaintiff's ADA claims. (Cal. Code §51(f)).

5. Plaintiff was at all times relevant herein, an employee of the County of Sacramento.

6. Defendant County of Sacramento is a county within the State of California, with the county seat being Sacramento.

7. Defendant Sacramento County Board of Supervisors is the governing board of the County of Sacramento.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## STANDING

9. Plaintiff was harmed by the actions of the Defendants, as alleged below. Therefore, Plaintiff has standing in this court.

## ADMINISTRATIVE PROCEDURES

10. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title I of the Americans with Disabilities Act of 1990, 42. U.S.C. 1211, et seq. and Title V, Section 503 of the Act, 42 U.S.C. 12203. (EEOC Complaint No. 555202101566).

11. Prior to the filing of this Complaint, Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (EEOC Complaint No. 555202101566).

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 2

12. With regards to each of the above complaints, Plaintiff received a right to sue notice dated November 9, 2022.

13. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

14. Plaintiff Joyce Plant is a resident of Sacramento County, California. At all relevant times, Plaintiff has been a resident of the California and met the definitions of an "employee" under all applicable statutes.

15. At all relevant times, Defendants have met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

16. Plaintiff was employed by the County of Sacramento Probation Department from or around 1996 to November 6, 2021, as a legal transcriber.

17. As a legal transcriber, Plaintiff most recently reported to supervisor Diana Loy. Prior to this time, Plaintiff reported to Sheila Harry.

18. Prior to 2015, Plaintiff was granted reasonable accommodations in her employment due to a back injury. These accommodations included a maximum four-hour work day to prevent the aggravation of her back injury.

19. Beginning on or around 2015, Plaintiff was subjected to a pattern of bullying and harassment from her co-workers Defendants Betty Bloom, Kelly Deangelis, and others. Specifically, Plaintiff was subjected to derogatory comments regarding her reasonable accommodation.

20. Plaintiff was also subjected to derogatory comments regarding her race and ethnicity. By way of example, in or around 2019, a co-worker called Plaintiff a "toad" – which was intended as a derogatory racial term. Plaintiff also regularly overheard co-workers discussing her accommodations.

21. The actions of Plaintiff's co-workers created a hostile work environment. Plaintiff's supervisor, Sheila Harry, along with management, did not address these actions despite the obvious atmosphere of racism, intimidation, and harassment.

22. In or around March 2020, Joanie Friendbloom, Administrative Services Officer, informed Plaintiff that she would be teleworking for the foreseeable future due to the COVID-19 pandemic. Plaintiff did not make any request to work from home at this time. Rather, management had made the offer to her and to the two other legal transcribers. Upon information and belief, management was aware of Plaintiff's condition of diabetes,

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 3

which put her at higher risk during the COVID pandemic. At this time, management did not request any medical note from Plaintiff for this accommodation.

23. When Plaintiff began working from home, the harassment from co-workers and managers continued.

24. In or around September 2020, Defendant Bloom spoke disparagingly about Plaintiff's accommodation on a Zoom call, including in front of others. This was witnessed by Defendant Loy, who informed Plaintiff that the behavior was unacceptable, and that she would be reporting it to Ms. Friendbloom. Upon information and belief, no report was ever made.

25. On the same Zoom call, Plaintiff overheard Ms. Bloom and Shirin Fallahi-Marzooni discussing Plaintiff's accommodation in an inappropriate manner.

26. On or around September 25, 2020, Plaintiff filed a formal complaint with Defendant's EEO office regarding the harassment she had face from Defendants Bloom, Deangelis, Hoang, as well as additional management and supervisors.

27. Within approximately one month following the filing of the complaint, Plaintiff received a phone call from Defendants Dawn Isais and Friendbloom. During the phone call, Defendant Isais yelled at Plaintiff, and called her ungrateful for filing the complaint. Defendant Isais also threatened to bring the Chief onto the call, and told Plaintiff when she needed to return to work.

28. During this time frame, Defendants began to request medical notes and various excessive proofs for Defendant's reasonable accommodation. These requests only occurred after a complaint was filed, and were never requested prior to this time.

29. On or about December 17, 2020, Plaintiff provided a note from her doctor that stated she needed to continue working from home because of her documented disability. However, Defendants Isais and Friendbloom continued to insist that Plaintiff return to the office.

30. Between approximately December and March of 20202, the Defendants refused to accept Plaintiff's valid note, and continued to request a series of additional notes and proofs. In spite of these additional notes, Defendants continued to insist that Plaintiff return to the office to in-person work.

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 4

31. On or about March 8, 2021, Plaintiff was formally notified that all telework would be ending on or about April 19, 2021. On or about April 16, 2021, Plaintiff had again informed Defendant Loy that her doctor had not released her to onsite work.

32. On or about April 28, 2021, Plaintiff attended a meeting with Ms. Isais, Michelle Bettega, and Corey Stillson about accommodating her disability that prevented her from working in the office. At that meeting, Plaintiff was informed that she could continue working from home.

33. In or around July 2021, Plaintiff attended a second meeting with Ms. Isais, Ms. Bettega and Nancy Gunmor, during which the defendants insisted that Plaintiff returned to the office. Plaintiff informed Defendants that this would not be possible due to her disability and elevated COVID risk.

34. On or around August 3, 2021, Plaintiff provided another note from her doctor, which again requested a reasonable accommodation. The note indicated that Plaintiff was deemed at high risk for COVID complications due to her diabetes.

35. On or about August 20, 201, Plaintiff received a letter from Respondent that informed Plaintiff that she could either: (1) return to in person work; (2) retire; or (3) resign. At this point, Plaintiff was forced to use her accrued sick leave.

36. On or around November 6, 2021, Plaintiff has used all of her accrued sick leave. Plaintiff felt she had no choice but to retire given her employer's continued harassment and failure to provide reasonable accommodations for her disability.

### FIRST CAUSE OF ACTION
### DISCRIMINATION, HARASSMENT AND DISCRIMINATION
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
(Violation of 42 U.S.C. 1281(b)(1)(A))

37. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

38. 42 U.S.C. 1281(b)(1)(A) provides that "It shall be discriminatory to subject an <u>individual or class of individuals</u> on the basis of a <u>disability</u> or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 5

39. Plaintiff had two disabilities as defined by the Americans with Disabilities Act. First, she has a back injury that limited her ability to sit in the workplace for a period exceeding four hours. Plaintiff also had diabetes, which rendered her high risk to complications from COVID during the COVID pandemic.

40. Plaintiff's conditions were medically documented, and known to the Defendants.

41. Plaintiff was denied employment, when her employer failed to provide reasonable accommodations based on her serious health conditions, despite her ability to perform her job effectively with reasonable accommodations.

42. Plaintiff was discriminated against based on her requests for reasonable accommodations, and effectively wrongfully terminated when Defendants refused to reasonably accommodate Plaintiff's documented health conditions.

43. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has, and will continue to suffer damages including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

## SECOND CAUSE OF ACTION
## UNLAWFUL RETALIATION
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
(Violation of 42 U.S.C. 12203)

44. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

45. 42 U.S.C. 122203(a) provides that "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

46. Moreover, 42 U.S.C. 122203(b) provides that "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

47. Defendants unlawfully retaliated against Plaintiff after she filed a formal complaint for discrimination based on her disability and reasonable accommodations. This unlawful retaliation included an escalation of

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 6

harassing behavior by coworkers and management, as well as sudden and repeated demands for additional medical documentation despite the fact that no documentation had previously been requested, and that ample documentation was timely provided.

48. Ultimately, the unlawful retaliation took the form of an effective termination when Defendants suddenly refused to accommodate Plaintiff's reasonable medical needs by refusing to allow Defendant to continue working from home due to her elevated risk of COVID complications, which was based on her documented diagnosis of diabetes.

49. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has, and will continue to suffer damages including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

50. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of law, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION
### DISCRIMINATION, HARASSMENT AND DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT
(Violation of 42 U.S.C. 2000e-2 – Unlawful Employment Practices)

51. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein

52. 42 U.S.C. 2000e-2(a)(1) provides that "It shall be an unlawful employment practice for an employer… to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

53. Under Tile VII, a hostile work environment exists when the workplace is "permeated with discriminatory, intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993).

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 7

54. Plaintiff is a member of a protected class as a black woman.

55. Beginning in or around 2015, Plaintiff suffered substantial racially and ethnically motivated harassment, including disparaging comments, discrimination, and unwelcome behavior in the work place.

56. On at least one occasion, a co-worker used a racially derogatory slur towards Plaintiff. By way of example, in or around 2019, a coworker called Plaintiff a "toad" – which is a racially discriminatory prison term.

57. Management was aware of the discriminatory environment for many years, and refused to take reasonable actions to protect Plaintiff, and/or to remedy the environment.

58. In addition to racially motivated attacked by coworkers, Plaintiff experienced inappropriate yelling from management, including on a Zoom call in front of coworkers and management. Plaintiff was informed that this behavior would be reported to upper management, but upon information and belief, it never was.

59. Defendants' consistent and pervasive failure to address or remedy the hostile work environment despite being plainly aware of the hostile environment was in violation of federal law.

60. As a result of Defendants' actions, Plaintiff has, and will continue to, suffer damages, including but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

### FOURTH CAUSE OF ACTION
### DISCRIMINATION, HARASSMENT AND DISCRIMINATION
### IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
(Violation of California Government Code 12940(a))

61. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein

62. California Government Code 12940(a) provides that "it is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California... For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to

employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment"

63. Plaintiff was otherwise qualified to do her job, which she was fully capable of performing remotely as she had in the past.

64. Plaintiff had two disabilities, which were documented, which Defendants were aware of. These disabilities are recognized under FEHA.

65. Plaintiff was unlawfully discriminated against based on her disability in several ways. First, when she was forced to suffer ongoing harassment over a period of years due to her reasonable accommodations. Second, when Defendants failed to accommodate her condition of diabetes by refusing to allow her to continue teleworking, despite her clear ability to get the job done, and clearly documented need for medical accommodations. And finally, by effectively terminating Plaintiff by suddenly disallowing her reasonable accommodation, forcing her into early retirement.

66. As a result of Defendants' actions, Plaintiff has, and will continue to, suffer damages, including but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

## FIFTH CAUSE OF ACTION
## WHISTLEBLOWING
## RETALIATION DUE TO OPPOSING ILLEGAL PRACTICES
(Violation of California Government Code 12940(h))

67. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein

68. California Government Code 12940(h) states that it is illegal "For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

69. Plaintiff made complaints about harassment and ill treatment by coworkers and management due to her reasonable accommodations.

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 9

70. Not only did the harassment and ill treatment increase following Plaintiff's formal complaint, but Defendants suddenly began to create unreasonable barriers to her working, including by making sudden demands for additional documentation of her disability, refusing to consider her several doctor's notes, and ultimately giving her an ultimatum of returning to in-person work or resigning. This behavior was effectively an unlawful retaliatory termination.

71. As a result of Defendants' actions, Plaintiff has, and will continue to, suffer damages, including but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

### SIXTH CAUSE OF ACTION
### WHISTLEBLOWING
### RETALIATION DUE TO OPPOSING ILLEGAL PRACTICES
(Violation of California Labor Code 1102.5(b))

72. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein

73. The California Labor Code, Section 1102.5 prohibits an employer from "retaliate(ing) against an employee for disclosing information...to a person with authority over the employee... if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a a violation of or noncompliance with a local, state, or federal rule or regulation..."

74. Plaintiff exercised her statutory right under Labor Code 1102.5 when she filed a formal complaint regarding her treatment and discriminatory environment.

75. Plaintiff's issues were never addressed and the County continued to allow the continued harassment, and in fact escalation of the harassing behavior.

76. Plaintiff was retaliated against and effectively terminated due to her formal complaint.

77. As a result of Defendants' actions, Plaintiff has and will continue to, suffer damages, including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and her personal and professional reputation.

### SEVENTH CAUSE OF ACTION
### FAILURE TO TAKE ALL REASONABLE STEPS
### TO PREVENT HARASSMENT AND DISCRIMINATION
(Violation of California Government Code 12940 (k))

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODEJURY TRIAL DEMAND - 10

78. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein

79. The California Government Code, 12940 (k) prohibits employers from "fail(ing) to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

80. Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring, as required by CGC 12940 (k).

81. Plaintiff was discriminated against, harassed, and discharged due to his request for, both her race and ethnicity, as well as on the basis of reasonable accommodations. Ultimately, Plaintiff was effectively terminated based on a request for reasonable accommodations, as well as her filing of a formal complaint against her employer for continuing harassment and discrimination based on her race, as well as her reasonable accommodations.

82. As a result of Defendants' actions, Plaintiff has, and will continue to, suffer damages, including, but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

### EIGHTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein

84. Defendants' conduct towards Plaintiff, due to their discrimination, harassment and retaliation due to her disability, race, ethnicity, and medical condition, was extreme and outrageous with the Defendants having the intention of causing, or a reckless disregard of the probability of causing, Plaintiff's emotional distress.

85. Plaintiff suffered severe or extreme emotional distress.

86. The intentional acts of the Defendants, described herein, were the actual and proximate cause of Plaintiff's emotional distress.

87. As a result of Defendants' intentional infliction of emotional distress, Plaintiff has, and will continue to suffer damages, including but not limited to, lost income and benefits, emotional distress, harassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

88. Defendants' actions in all of the causes of action set forth above were oppressive and carried out with malice.

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODEJURY TRIAL DEMAND - 11

## NINTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

89. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein

90. The California Constitution, Article 1, section 1, guarantees Plaintiff the right to oppose illegal activities and to speak out on matters of public importance. This is a fundamental public policy under California law.

91. Plaintiff exercised a statutory right or privilege and/or spoke out on a matter of public importance when she filed her formal complaint against her employer.

92. Plaintiff was wrongfully terminated due to a reason that contravenes a public policy as expressed in a constitutional or statutory provision.

93. The fundamental public policy was beneficial for the public, and embodied in a statute or constitutional provision.

94. As a result of Defendants' actions, Plaintiff has, and will continue to, suffer damages, including but not limited to, lost income and benefits, emotional distress, embarrassment, humiliation, loss of enjoyment of life, and damage to her health and to her personal and professional reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of California;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory, retaliatory, and/or otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contents have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and 4) the complaint otherwise complies with the requirements of Rule 11.

COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 13

1  I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I
2  understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of
3  my case.

4  Dated: February 2, 2023

5  _____
   Joyce Plant

28 COMPLAINT FOR VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII OF THE CIVIL RIGHTS ACT, CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, WRONGFUL TERMINATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF CALIFORNIA LABOR CODE JURY TRIAL DEMAND - 14